No. 824

STATE ex v. INDUSTRIAL COMM.

No. 19301. Supreme Court

In mandamus. Dock. July 30, 1925; 3 Abs. 482.

631. INDUSTRIAL COMMISSION—Must it make its award dependant upon the appointment of consul with power of attorney although such power has been given to another?

This action is one in mandamus, seeking an order of the Supreme Court, requiring the Industrial Commission of Ohio to make an award in the above entitled action. Briefly stated the facts are as follows:—

Peter Pappas, a citizen of Greece, immigrated to the United States and on January 6, 1923, was a resident of Lorain. On that date, while in the employ of the National Tube Co. he was killed in the course of his employment. At the time of his death he left a widow, three sons and two daughters, all residents of Greece, and dependent upon him.

After the death of said Pappas, one John Dritsas, at that time consul of the republic of Greece, located at Cleveland, Ohio, filed an application for adjustment of claim with the Industrial Commission, at the same time requesting the Department of Foreign Affairs of Greece to notify the heirs of the deceased, Peter Pappas, and induce them to send the said consul powers of attorney to one Michael Fioretos, a relative of the widow, and appointed him attorney-in-fact, giving him full power of substitution.

Thereafter, said Fioretos, pursuant to the powers conferred upon him by power of attorney granted him by the dependents, filed a claim with the Industrial Commission for compensation for the wrongful death of the said decedent, and with the said claim he filed copies of the power of attorney and proofs of dependency from the heirs, with translations to the Industrial Commission.

The Industrial Commission, however, refused to make an award, their last ruling being as follows:

"That no award be made at this time; that claim be continued for further hearing, until power of attorney and complete proof of dependency and relation has been placed on file by the Greek Consul," refusing to recognize the powers of attorney held by Fioretos.

The case has been pending before the Industrial Commission for more than two years, and during this time the consul of Greece, has tried repeatedly and unsuccessfully to obtain power of attorney from the heirs of the deceased.

This action is brought to the Supreme Court for the purpose of requesting an order requiring the Industrial Commission to recognize power of attorney held by Fioretos, and requiring them to make or refuse an award on the application of the attorney-in-fact of the dependents.

Attorneys—M. W. Vickery, and C. O. Tsangadas, Cleveland, for State ex; C. C. Crabbe and R. R. Zurmehly, Columbus, for Commission.